### CALEDONIAN INS. CO. et al. v. LEVY.

(Circuit Court of Appeals, Ninth Circuit. May 1, 1916. Rehearing Denied June 2, 1916.)

#### No. 2634.

APPEAL AND ERROR ⬅️1099(6).—REVIEW—LAW OF CASE.

In an action on a contract, where upon former trial the appellate court decided that plaintiff was not entitled to recover for defendant's breach, a count of the complaint cannot on retrial be treated as stating a cause of action not arising out of contract, because it sought to excuse plaintiff's own breach, precluding recovery on the ground of defendant's previous repudiation, and so the prior holding that there could be no recovery for breach of contract applies, and is the law of the case on second trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4375; Dec. Dig. ⬅️1099(6).]

In Error to the District Court of the United States for the Second Division of the Northern District of California; William C. Van Fleet, Judge.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by S. W. Levy against the Caledonian Insurance Company and others. There was a judgment for plaintiff, and defendants bring error. Reversed.

See, also, 226 Fed. 336.

T. C. Van Ness and Otto Irving Wise, both of San Francisco, Cal., for plaintiffs in error.

Goodfellow, Eells, Moore & Orrick, of San Francisco, Cal., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, District Judge.

ROSS, Circuit Judge. This case is here for the second time. The first trial was had in the court below with a jury, and, there having been a verdict and judgment in favor of the plaintiff in the action, it was brought here by the defendants thereto, where the judgment was reversed and the cause remanded for a new trial. 199 Fed. 407, 118 C. C. A. 91. The second trial was before the court without a jury, and again resulted in a judgment for the plaintiff. It is undisputed that the evidence on both trials was substantially the same—indeed, it is so stated by the trial court in its opinion, from which we quote as follows in order to show the grounds of the judgment given:

"The material question upon which judgment principally turns is whether the cause of action stated in the second count of the complaint, upon which plaintiff now relies, is one 'upon the contract'—that is, based upon the theory of performance of the contract, as contended by the defendants—or is one to recover damages for the defendants' breach in its repudiation of the contract, as contended by plaintiff. If the former, plaintiff's right to recover is concluded by the law of the case as announced by the Circuit Court of Appeals in the appeal from the former judgment (199 Fed. 407, 118 C. C. A. 91); since the evidence as to what was done by the parties tending to establish performance was substantially the same on this trial as on the former. If the latter, then the law of the case does not apply, since the theory upon which plaintiff is now proceeding was not involved in the judgment of the appellate court. That a party is entitled to plead his cause of action in different forms and in varied and inconsistent counts there is no question, and that a failure to make a cause under one count will not preclude recovery under another and different count, although involving an entirely distinct and different theory, is equally true. It cannot always be definitely known what theory as represented by the different forms of pleading the evidence in its legal effect will sustain, and a party is not required to hazard his right to recover upon a single cast. As to the main cause of action alleged, it is asserted in two forms. the one alleging and based upon the theory of a full performance of the contract and a right to recover thereunder, which was the count relied upon on the former trial; the other, under which plaintiff now seeks recovery, alleging the facts fully as to what was done by the parties to the contract and seeking damage as for its repudiation or breach by defendant. I am of opinion that the latter count cannot be said in its legal aspects to 'count upon the contract' in the sense insisted by defendants —that is, it does not proceed upon the theory of performance, but is to be regarded as stating a cause of action arising upon defendants' breach. This being so, does the evidence sustain that theory and entitle plaintiff to recover under that count? There is no material conflict in the evidence as to what was done, and the facts need not be recited in detail."

Turning to the complaint, it is seen that it contains four counts— the second count referring to and making a part of it the preceding

15 subdivisions thereof, the third count referring to and making a part of it the preceding 17 subdivisions, and the fourth count referring to and making a part of it the first 20 subdivisions of the complaint. The allegations thus referred to and made a part of the second, third, and fourth counts show, as does the first one of the complaint, that the fundamental basis of this action was the contract between the parties which was the subject of consideration and decision by this court when the case was first here (Caledonian Ins. Co. et al. v. Levy, 199 Fed. 407, 118 C. C. A. 91), where the facts of the case are stated, and where it was distinctly adjudged that the retention by the plaintiff in the action of 15 per cent. of the insurance premiums during the second year of the contract—the rights of the respective parties under the contract for the first year having been elsewhere adjudicated —constituted a breach of the contract by the plaintiff, and precluded him from recovering the contract compensation for the second year. The gravamen of the action as alleged in each count of the complaint being its alleged breach, it is manifest, we think, that the particular form of such breach could not amount to a change in the nature of the action, which all the time remains an action on contract, the rights of the parties to which—the facts remaining the same—were conclusively and finally determined by this court in its former decision above referred to.

That became the law of the case, and the judgment now under consideration must therefore be, as it is, reversed, with costs to the plaintiff in error.